# Pennsylvania Mining Company, Appellant, *v.* Naomi Coal Company.

*Railroads—Lateral railroads—Question for jury—Estoppel.*

The necessity for a lateral railroad on the route selected by the petitioners is a question for the jury under proper instructions by the court.   The fact that the petitioners after an appeal had been taken from a report of viewers constructed a temporary road by a roundabout way, operated by various devices, to enable them to reach the terminus of their projected line, will not estop the petitioners from asserting its necessity.

Argued April 18, 1904.   Appeal, No. 93, April T., 1904, by plaintiff, from judgment of C. P. Fayette Co., June T., 1903, No. 28, on verdict for plaintiff in case of Pennsylvania Mining Company v. Naomi Coal Company.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Appeal from jury of view.   Before UMBEL, J.

The facts appear by the opinion of the Superior Court.

The court refused binding instructions against the necessity of the road.

Verdict and judgment for plaintiff for $1,440.16.   Defendant appealed.

*Error assigned* was in refusing instructions for plaintiff against the necessity of the road.

*George D. Howell* and *John G. McConnell*, with them *A. M. Neefer*, for appellant.

*Edwin Willson Boyd*, with him *A. D. Boyd*, for appellee.

OPINION BY BEAVER, J., July 28, 1904:

From Harvey v. Thomas, 10 Watts, 63, in which the lateral railroad Act of May 5, 1832, P. L. 501, was declared to be constitutional, to Frick Coke Co. v. Painter, 198 Pa. 468, in which it was held that "the necessity for a lateral railroad on the route selected by the petitioner is a question for the jury under proper instructions by the court," through more than a score of cases, the said act has received careful consideration and a construction of its provisions and a determination of the questions which are likely to arise under it, so that little remains for us, except to apply the principles of these cases to the one under consideration.

The subject in general is fully discussed in the charge of the trial judge in the court below and with the general features of that charge no fault is found.

The assignments of error rest within a very narrow compass and all practically relate to the necessity of the road.

It appears from the evidence that the defendant, after the viewers appointed by the court had assessed the damages and made their report thereon and an appeal had been taken by the plaintiffs, constructed a temporary road by a roundabout way operated by various devices and different sorts of motive power, so as to enable them to reach the terminus ad quid of their originally projected line.   The plaintiff contended that, by this construction of a roundabout road or system of roads, by which the defendant accomplished the object originally intended, the necessity for the route laid out over the plaintiff's land was obviated and the defendant estopped from asserting its necessity.

The court, in charging the jury, said, in reference thereto: "If the Naomi Coal Company were hindered and interfered with in the construction of this proposed road by constructions,

legal or otherwise, and elected to construct such temporary lines, purely as a temporary expedient, as set up in the case, then we say to you that such an election on their part would not operate to estop them from procuring and proceeding to secure some such rights as they are now endeavoring to secure in this case, unless you should be satisfied that such temporary arrangement would be a feasible means of shipping their products, or such a means as ordinarily prudent business men in like business would approve and be willing to adopt as available."

· This is complained of and constitutes the first assignment of error. But it is simply saying in effect, what is so well said in Frick Coke Co. v. Painter, 198 Pa. 468 : " The necessity for the lateral railroad on the route selected by the petitioner was a question for the jury under proper instructions by the court. The nature and character of the necessity contemplated by the statutory provisions in order to enable the petitioner to secure the benefit of the legislation, was correctly and fully explained to the jury." And this explanation in the charge of the court below was that " the burden of establishing the fact that such railroad is necessary is on the defendant who petitions for the road. This necessity, within the meaning of the act of assembly, is not an absolute but a reasonable one," etc.

Whether a necessity existed and whether or not such necessity was reasonable was for the jury and was left for their consideration, with adequate instructions in the charge of the trial judge. It follows that the affirmation of the defendant's second point—" That, if the jury believe the testimony on the part of the Naomi Coal Company, the necessity of the road is established "—was entirely proper, and it follows further, that the refusal of the plaintiff's point was entirely proper and that its affirmance would have been manifest error, the point being " That, under all the evidence in the case, their (jury's) verdict must be that petition of Naomi Coal Company for right of way must be denied." The case was well tried and submitted to the jury under clear, comprehensive and adequate instructions.

The assignments of error are all overruled.

Judgment affirmed.